# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BEATRICE B. SIMMONS, )
)
    Plaintiff, )
)
v. ) Case No. CV414-203
)
FIVE STAR QUALITY CARE, INC., )
GWYNN SPEARMAN, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Seeking to initiate an employment discrimination lawsuit against Five Star Quality Care, Inc. and one individual,[1] doc. 1, *pro se* plaintiff Beatrice B. Simmons moved for leave to proceed *in forma pauperis* ("IFP"). Doc. 2. The Court partially granted it, doc. 3, and she has since

---

[1] Previously, the Clerk identified three individuals as defendants and noted them in the docket caption. This Court followed along in its opening Order. Doc. 3 at 1. But on second look it is clear that the Clerk misread that portion of Simmons' form complaint where she identified those "who allegedly discriminated against [her] during [her] period of employment with the defendant company. . . ." Doc. 1 at 3. She wrote the three originally captioned names, but chose to name only one individual -- Gwynn Spearman -- as a defendant. *Id.* at 1. The Court therefore has deleted the additional names from the above caption, the Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

paid half of the $400 filing fee.[2] Doc. 4. However, part of her case must be dismissed.

Plaintiff used a pre-printed "Employment Discrimination Complaint" form and, of the three choices of grounds on which to sue -- Title VII, the Age Discrimination in Employment Act of 1967 (ADEA) and the Americans With Disabilities Act of 1990 (ADA) -- she chose only Title VII. Doc. 1 at 2. She checked off these form options:

> Failure to hire me
>
> Failure to promote me
>
> Demotion
>
> Other (specify): Failure to pay me remainder of PTO time.[3]

---

[2] The Court screens her case under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires a district court to dismiss a complaint filed *in forma pauperis* for failure to state a claim for relief. Her complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, Simmons must plead enough factual content to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Dunn v. Fed. Exp.*, 2014 WL 1028949 at * 1 n. 2 (N.D. Ga. Mar. 14, 2014). Finally, the Court will construe her *pro se* filings liberally, *Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011), but she must still comply with procedural pleading requirements. *Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011).

[3] Simmons fails to explain what "PTO" means, much less specify legal grounds to support recovery. Hence, it should be dismissed outright subject to her motion to reconsider, which must be filed within 14 days of the date this Report and

Doc. 1 at 2-3 (footnote added). As will be further detailed below, she in substance pleads a retaliatory demotion if not discharge (her writing is unclear), as well as age and "skin-color" discrimination claims.

## I. GOVERNING STANDARDS

"Under Title VII, it is unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race. 42 U.S.C. § 2000e–2(a)(1)." *Archie v. Frank Cockrell Body Shop, Inc.*, 2014 WL 4548061 at *3 (11th Cir. Sept. 16, 2014). For her race-discrimination claims plaintiff must show that: "(1) [s]he belongs to a protected class; (2) [s]he was subjected to an adverse employment action; (3) [her] employer treated similarly situated employees outside of class more favorably; and (4) [s]he was qualified to do the job. *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008)." *Archie*, 2014 WL 4548061 at * 3 (footnote and emphasis added).

A discriminatory discipline (here, plaintiff's demotion) claim:

requires showing a similarly situated employee, who was engaged in

---

Recommendation is served, and supply the facts and law necessary to state a legal claim.

3

the same or similar misconduct but did not receive similar discipline. *See Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). We require the quantity and quality of the comparator's misconduct to be "nearly identical" to prevent judges from second-guessing employers' reasonable decisions. *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (per curiam) (citing *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)).

*Id.* at * 4.

"To make a prima facie showing of retaliation, the plaintiff must show that: (1) [s]he engaged in statutorily protected conduct; (2) [s]he suffered an adverse employment action; and (3) there was some causal relation between the two events." *Dominguez v. Lake Como Club*, 520 F. App'x 937, 939-40 (11th Cir. 2013). And "in both Title VII discrimination and retaliation claims, [courts] require an employee to demonstrate that [s]he suffered a serious and material change in the terms, conditions, or privileges of h[er] employment in order to demonstrate an adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970-71 (11th Cir. 2008)." *Id.* at 941.

"In the failure-to-promote context, the prima facie case consists of showing these elements: (1) that the plaintiff belongs to a protected class; (2) that she applied for and was qualified for a promotion; (3) that she was

4

rejected despite her qualifications; and (4) that other equally or less-qualified employees outside her class were promoted." *Bryant v. Dougherty Cnty. Sch. Sys.*, 382 F. App'x 914, 917 (11th Cir. 2010) (cite omitted); *Fodor v. Eastern Shipbuilding Group*, 2014 WL 1478845 at *9 (N.D. Fla. Apr. 15, 2014).

Finally, for age discrimination a plaintiff must show: "(1) that [s]he was a member of the protected group of persons between the ages of forty and seventy; (2) that [s]he was subjected to adverse employment action; (3) that a substantially younger person filled the position that [s]he sought or from which [s]he was discharged; and (4) that [s]he was qualified to do the job for which [s]he was rejected." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998); *Salazar v. McGillicuddy Works, LLC*, 2012 WL 6892720 at * 3 (S.D. Ga. Dec. 20, 2012).

## II. ANALYSIS

### A. Retaliatory Demotion/Discharge Claim

While plaintiff's complaint fails to state where she worked, the IFP form that she used indicates that it was at "Habersham House Senior

5

House."[4] Doc. 2 at 1. She says she "last worked [there] 7/15/12," *id.* at 2, which contradicts her "7-15-2013" allegation, though other factual allegations support the latter termination date. She at first seems to allege constructive discharge -- that she left her job voluntarily, but only because the defendants discriminated against her based on her race[5] and age. Doc. 1 (form Complaint) at 3 (she checked off "Plaintiff left the job voluntarily."). Later, however, she seems to plead discharge. *Id.* at 6 (recounting an investigation of her alleged choking of a patient; when she inquired about its outcome, "Ms. Spearman told me not to come back to work.").

In any event, Simmons next explains that "[f]rom December 2012

---

4 The Court has located online an "Assisted Living" facility called The "Habersham House," located at 5200 Habersham Street, Savannah, GA 31405. http://www.habershamhousesavannah.com/ (site last visited Nov. 6, 2014). For the purpose of this ruling, the Court will accept as true Simmons' factual allegations, including her allegation that defendant Five Star Quality Care, Inc. owns Habersham House. Doc. 1 at 6.

5 She does not say what that her race is, only that she is dark skinned. "Light-skinned blacks sometimes discriminate against dark-skinned blacks, and vice versa, and either form of discrimination is literally color discrimination. *Walker v. Secretary of the Treasury*, 713 F. Supp. 403, 405-08 (N.D.Ga.1989), *aff'd without opinion*, 953 F.2d 650 (11th Cir. 1992); *cf. Rodriguez v. Gattuso*, 795 F.Supp. 860, 865 (N.D.Ill. 1992)." *Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008); 8 BUS. & COM. LITIG. FED. CTS. § 92:35 (3d ed. Nov. 2013) ("While color may also be a characteristic of an individual's race, color discrimination can occur even among members of the same racial group.").

until February 2013, I complained about the lack of fruits and vegetables in the diets of the [assisted-living home's] Alzheimer residents. I also made numerous complaints about the lack of diapers and [management's failure to mainstream] the Alzheimer patients with the general population." *Id.* at 3-4. She then recites her credentials and insists she was disciplined on bogus grounds, including a false charge that she choked a patient. Hence, she concludes, she suffered discriminatory retaliation by management -- apparently she was fired. *Id.* at 4. She seeks money damages "for the unjustified write-ups, the slander to my name and career, the threat to compromise my nursing license, and the prejudice against my dark skin color, my age [she is 66] and the harassment of all of it." *Id.*[6]

Plaintiff, however, fails to allege that her employer retaliated

---

6 "No one," she further explains,

> should have to go through what I endured. Alzheimer's residents have rights, I was their advocate. All I wanted was for my residents to be treated as . . . human being[s]. We must do the right thing, one of my residents could have been my relative, your relative, or even of our children! Again, I am seeking monetary damages based on my complaints and the fact that I would have continued working until age 66, had I . . . not suffer[ed] severe retaliations and degrations [sic].

Doc. 1 at 4.

7

against her for trying to vindicate her right not to be discriminated against based on her age and race (e.g., that it fired her for filing an EEOC complaint or otherwise exercised her Title VII rights). At most she alleges retaliation for non-Title VII subject matter reasons (standing up for patients' rights). But Title VII does not protect against generic retaliation.[7] *Hart v. Dallas County Hosp. Dist.*, 2013 WL 991249 at * 5 (N.D. Tex. Mar. 13, 2013) ("Title VII does not outlaw generic instances of 'intimidation' or 'harassment' in the workplace that are disconnected from discrimination based on 'race, color, religion, sex, or national origin.' *See* 42 U.S.C.2000e-2(a). Rather, to be covered by Title VII, the intimidation or harassment in question must have some connection to discrimination, which is, after all, what Title VII exists to remedy.").

The same result applies to Simmons' ADEA claim. *Johnson v. McGraw-Hill Companies*, 451 F. Supp. 2d 681, 710-11 (W.D. Pa. 2006) (the employee must establish that he was subjected to a materially adverse act of retaliation that might well dissuade a reasonable worker

---

[7] Nor can this section of her complaint cannot be fairly read to support age or race-based Title VII claims since it lacks a critical element: a comparator (a non-minority or lighter-skinned fellow employee) who received better treatment based on race or age.

from making or supporting a charge of discrimination). Plaintiffs' retaliation claim therefore must be dismissed with prejudice. *Compare Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029-30 (7th Cir. 2013) (*pro se* employee stated claim that her supervisor had retaliated against her in violation of Title VII, on allegations that she had filed a complaint regarding gender discrimination against her supervisor, then was assigned reduced working hours).

## B. Promotion and ADEA Claims

For her discriminatory non-promotion claim, Simmons says that she applied online for the "Resident Service Director's" job, and Gwynn Spearman was "[t]he contact person. . . . I did not get called for an interview or notified that someone had been hired for the position." Doc. 1 at 5. She then alleges that "[t]he young lady[8] hired for the above

---

[8] Simmons does not allege who that "young lady" is, much less her age. This area of law, which otherwise requires Simmons to plead that a *substantially* younger candidate was chosen over here, lacks clarity:

> In the Eleventh Circuit, no clear delineation of what actually makes someone substantially younger exists. *See e.g. Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359–60 (11th Cir. 1999) (finding a five year age difference substantially younger for ADEA purposes). Courts have found an age difference of less than 7 years, the difference between Plaintiff and her replacement Ricks, proof that a replacement was substantially younger. *See Id.*; *See also Carter*, 870 F.2d at [581, 582-83 (11th Cir. 1989)] (finding three year

9

position is younger, light-skinned and less experienced as a nurse than I am. Her mother is said to be an employee of Savannah Square [an apparent affiliate company]." *Id.* (footnote added).

Based on those alleged facts plaintiff concludes: "Ms. Spearman showed malice in hiring practices due to my earlier complaints about how the Alzheimer patients were being treated; spiteful intentions after I submitted my Masters Degree; and prejudice (balant [sic]) about the choking incident. Ms. Spearman hired a light-skinned black female that

---

difference between plaintiff and her replacement sufficient).

*Everson v. City of Albany*, 2014 WL 4924483 at * 5 (M.D. Ga. Sept. 30, 2014). Another court reasons:

> There is no bright-line rule that defines "substantially younger;" however, the Court concludes that a 13-year age difference, without more, is insufficient to meet this standard. *See e.g., Green v. Staples, Inc.*, Case No. 6:08–cv–2034–Orl–28DAB, 2010 U.S. Dist. LEXIS 82935, at *13, n. 3, 2010 WL 3189810 (M.D.Fla. Aug. 11, 2010) (noting that "a forty-year-old plaintiff would presumably be unable to establish a prima facie case by pointing to a thirty-nine-year-old comparator, but a sixty-year-old could state a case by relying on a forty-year-old comparator"); *see also, Matthews v. City of Dothan*, Case No. 1:04–cv–640–WKW, 2006 U.S. Dist. LEXIS 91711, at * 39, 2006 WL 3742237 (M.D. Fla. Dec. 18, 2006) (ruling that a six-year age difference was insufficient to create an inference of age discrimination, when no other evidence of discriminatory animus was present).

*Steele v. U.S. Dept. of Veteran Affairs*, 2011 WL 2160343 at *10 (M.D. Fla. June 1, 2011). Simmons alleges only "younger." Neither the defense nor this Court should have to *guess* about this. Therefore, this claim must be dismissed subject to plaintiff's motion to amend her complaint (to cure this deficiency by pleading a "substantially younger," comparator age difference) within 11 days of the date this Report and Recommendation is served.

in itself is racially bias. 'Note'[:] Ms. Spearman also threatened to report to the State Licensing my having choked the resident before the investigation of the incident began. Again, there was no legal action taken against the facility or myself regarding the choking incident." Doc. 1 at 5; *see also id.* (providing further details to show that the choking accusation was false).

Simmons just barely meets the elements of a discriminatory non-promotion claim. A claim is frivolous, it must be remembered, only when it has little or no chance of success. Hence, it must be dismissed only when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *accord*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim is frivolous "where it lacks an arguable basis either in law or in fact"); *Dunn v. Fed. Exp.*, 2014 WL 1028949 at * 1 (N.D. Ga. Mar 14, 2014). Here, plaintiff has alleged that she applied for a better job, was more qualified than the lighter-skinned woman selected for it, and yet was denied that position in no small part because of her age and darker skin color. True, she is

alleging that the "choking" and other matters were wrongly held against her. Those are not Title VII-grounded matters. But her pleading that a lighter-skinned woman was chosen over her is enough to state a "notice" level claim. So while her ADEA claim (that this female was "younger") is deficient, *see supra* n. 8, her "lighter skin" allegation is enough to support a race-discrimination based, Title VII claim. *See supra* n. 5. Again, Simmons need plead only enough "to give the defendant sufficient notice [of the discrimination claim] to enable him to begin to investigate and prepare a defense." *Luevano*, 722 F.3d at 1028. And unlike her retaliation claim, she in fact has pled the existence of a comparator here.

## C. Individual Defendants

Title VII permits suits against a plaintiff's *employer*, not supervisors in their individual capacity. *Bryant v. Dougherty County Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010); *Fulst v. Thompson*, 2009 WL 4153222 at * 4 (S.D. Ohio Nov. 20, 2009) ("Supervisory employees are not typically proper defendants under Title VII because they do not fall within the definition of "employer." Employer is defined to mean a person engaged in an industry affecting commerce who has fifteen or more employees and

any agent of such person. 42 U.S.C. § 2000e(b).")". Hence, plaintiff's case against defendant Spearman fails.

## II. CONCLUSION

All but plaintiff's non-promotion claim against Five Star Quality Care, Inc. should be **DISMISSED WITH PREJUDICE**. Should the district judge adopt this Report and Recommendation, the Clerk is **DIRECTED** to dismiss defendant Spearman from this case and amend the docket caption accordingly (after which all subsequent filings shall conform). At that time, the Clerk shall also note that all claims but plaintiff's "promotion" claim are **DISMISSED WITH PREJUDICE**. The Clerk is also **DIRECTED** to immediately implement the docket-caption amendment noted above. *See supra* n. 1.

Finally, and also upon the district judge's adoption, the Clerk shall implement service of process in this case. That unfolds in stages. Federal Rule of Civil Procedure 4(c)(3) states that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed

[IFP]. . . ." Rule 4(c)(3). Since the Court partially authorized IFP status for Simmons, Rule 4 service must be made by the United States Marshal Service. Borrowing from the *Dunn* court:

> The Clerk is **DIRECTED** to send Plaintiff copies of a USM 285 form, summons, and initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, the summons, and the initial disclosures form and return one for Defendant to the Clerk of Court within twenty (20) days of the entry date of this Order. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply. Plaintiff is warned that if [s]he fails to provide accurate address information to the Clerk of Court for Defendant or fails to return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order, this action may be dismissed for failure to obey a lawful order of the Court. LR 41.[1]. Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summons.

*Dunn*, 2014 WL 1028949 at * 3. Should that phase of the Rule 4 service cycle be completed, then these additional directions apply:

> Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant. Defendant has a duty to avoid unnecessary costs of

serving the summons. If Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the USMS a service package. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the USMS is **DIRECTED** to personally serve Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

*Dunn*, 2014 WL 1028949 at * 2-3.

Following service of the complaint upon defendant Five Star Quality Care, Inc. (again, this assumes the district judge will adopt this Report and Recommendation and thus drop defendant Spearman), Simmons must then serve upon Five Star (its counsel, if it is represented) a copy of every additional pleading or other document which she submits to the Clerk of the Court. She also shall include with each paper so filed a certificate stating the date on which an accurate copy of that paper was mailed to the defendant or its counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, plaintiff also must keep the Court and any defendant advised of her current address at all times during the pendency of this action. Failure to do so may result in dismissal of her complaint. She also must litigate her case (conduct discovery and comply with all other court rules, including this Court's Local Rules, which are available online: http://www.gasd.uscourts.gov/lr/lr1.htm.

**SO REPORTED AND RECOMMENDED** this _19TH_ day of November, 2014.

_/s/ M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA