# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BEATRICE B. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV414-203 |
| ) | |
| FIVE STAR QUALITY CARE, INC., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pursuant to its 28 U.S.C. § 1915(e)(2)(B) screening duty, this Court's Report and Recommendation (R&R) advised dismissal of all but one claim raised in *pro* se plaintiff Beatrice B. Simmons' employment discrimination lawsuit against her ex-employer, Five Star Quality Care, Inc. Doc. 5 at 13. Hence, only her non-promotion claim remained. *Id.* Simmons has neither objected to that R&R nor responded to Five Star's subsequent Motion to Dismiss, in which it contends that she failed to raise her non-promotion claim in her EEOC complaint, so it must be dismissed on non-exhaustion grounds.[1] Doc. 11; *see also* doc. 11-1 at 1-13.

---

[1] "Title VII requires a plaintiff to exhaust administrative remedies by filing a timely charge of discrimination with the EEOC before pursuing a discrimination claim.

Five Star's dismissal motion should be granted because it is legally supported[2] and otherwise unopposed by operation of Local Rule 7.5 (no response indicates no opposition). Accordingly, plaintiff Beatrice B. Simmons' Complaint must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this <u>  2nd  </u> day of March, 2015.

<u>/s/ G.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

*Wilkerson v.. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)." *Chandler v. Volunteers of America, North Alabama, Inc.*, 2015 WL 329596 at *7 (11th Cir. Jan. 27, 2015). Hence, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Duble v. FedEx Ground Package System, Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014).

[2] Boiled down, Five Star argues that Simmons raised a race discrimination claim in her EEOC complaint (*see* doc. 101 at 2) but raised in this case a new, "color discrimination" claim. Doc. 11-1 at 1-13; doc. 1 at 5 ("The young lady hired for the above position is younger, light-skinned and less-experienced as a nurse than I am."); *see also* doc. 5 at 12 (ruling that only the "light-skinned" portion of this claim could proceed). The two claims are distinct enough to warrant dismissal on the non-exhaustion grounds that Five Star raises here. *Howell v. Rush Copley Medical Group NFP*, 2012 WL 832830 at *3 (N.D. Ill. Mar. 12, 2012), cited in *Williams v. County of Cook*, 969 F. Supp. 2d 1068, 1078-79 (N.D.Ill. 2013) (an allegation of race discrimination does not automatically create the assumption that color is associated).

2